Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Howard S. Han (SBN 243406)
hhan@donigerlawfirm.com
**DONIGER/BURROUGHS, APC**
603 Rose Avenue
Venice CA 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAR FABRICS, INC., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAINBOW SHOPS, INC., a New York corporation; MIDWAY INDUSTRIES AMERICA, INC., a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Star Fabrics, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## **JURISDICTION AND VENUE**

1
COMPLAINT

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. Plaintiff STAR FABRICS, INC. is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1440 East Walnut Street, Los Angeles, California 90011.

5. Plaintiff is informed and believes and thereon alleges that Defendant RAINBOW SHOPS, INC. ("RAINBOW") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 357 Empire Blvd., Brooklyn, New York 11225, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant MIDWAY INDUSTRIES AMERICA, INC. ("MIDWAY") is a corporation organized and existing under the laws of the state of Delaware, with its principal place of business located at 10 West 33rd St., Suite 1221, New York, New York 10001, and is doing business in and with the state of California.

7. Plaintiff is informed and believes and thereon alleges that Defendant ARGEE AMERICA, INC. ("MIDWAY") is a corporation organized and existing under the laws of the state of New York, with its principal place of business located at 1400 Broadway, Suite 2307, New York, New York 10018, and is doing business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN NO. 63848

10. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 63848 ("Subject Design A").

11. Plaintiff applied for and received a United States Copyright Registration for Subject Design A.

12. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design A to numerous parties in the fashion and apparel industries.

13. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design A, RAINBOW, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to

Subject Design A (hereinafter "Subject Product A") without Plaintiff's authorization, including but not limited to garments sold by RAINBOW under SKU 001-762-6888 and bearing the label "Caren Sport" and RN 40531, indicating that it was manufactured by or for Mangel Stores Corporation.

14. An image of Subject Design A and an exemplar of Subject Product A are set forth hereinbelow:

**Subject Design A**        **Subject Product A**

 

## CLAIMS RELATED TO DESIGN NO. 40050

15. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 40050 ("Subject Design B").

16. Plaintiff applied for and received a United States Copyright Registration for Subject Design B.

17. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design B to numerous parties in the fashion and apparel industries.

18. Plaintiff is informed and believes and thereon alleges that following this

distribution of product bearing Subject Design B, RAINBOW, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design B (hereinafter "Subject Product B") without Plaintiff's authorization, including but not limited to garments sold by RAINBOW under SKU 001-768-3996 and bearing the label "Chesley" and the RN 40531, indicating that it was manufactured by or for Mangel Stores Corporation.

19. An representative image of Subject Design B and of Subject Product B are set forth hereinbelow:

**Subject Design B**           **Subject Product B**

  

## CLAIMS RELATED TO DESIGN NO. 61619

20. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 61619 ("Subject Design C").

21. Plaintiff applied for and received a United States Copyright Registration for Subject Design C.

22. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design C to numerous parties in the fashion and apparel industries.

23. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design C, RAINBOW, MIDWAY, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design C (hereinafter "Subject Product C") without Plaintiff's authorization, including but not limited to garments sold by RAINBOW under SKU 001-725-6827 and bearing the RN 127895, indicating that it was manufactured by or for MIDWAY. An image of Subject Design C and an exemplar of Subject Product C are set forth hereinbelow:

**Subject Design C**         **Subject Product C**

 

## CLAIMS RELATED TO DESIGN NO. 61115

24. Plaintiff owns an original two-dimensional artwork used for purposes of textile printing entitled 61115 ("Subject Design D").

25. Plaintiff applied for and received a United States Copyright Registration for Subject Design D.

26. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design D to numerous parties in the fashion and apparel industries.

27. Plaintiff is informed and believes and thereon alleges that following this distribution of product bearing Subject Design D, RAINBOW, ARGEE, DOE Defendants, and each of them, manufactured, distributed, and/or sold fabric and/or garments comprised of fabric featuring a design which is identical, or substantially similar, to Subject Design D (hereinafter "Subject Product D") without Plaintiff's authorization, including but not limited to garments sold by RAINBOW under SKU 001-774-4210 and bearing the RN 67409, indicating that it was manufactured by or for ARGEE. An image of Subject Design D and an exemplar of Subject Product D are set forth hereinbelow:

**Subject Design D**        **Subject Product D**




# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

28. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

29. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Designs A, B, C, and D (collectively, "Subject Designs"), including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Designs by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments in the marketplace manufactured with lawfully printed fabric bearing Subject Designs.

30. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and supplied garments to said retailers, which garments infringed Subject Designs in that said garments were composed of fabric which featured unauthorized print designs that were identical or substantially similar to Subject Designs, or were an illegal modification thereof.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Products through a nationwide network of retail stores, catalogues, and through on-line websites.

32. Due to Defendants', and each of their, acts of infringement, Plaintiff has

8
COMPLAINT

suffered damages in an amount to be established at trial.

33. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: November 5, 2014            DONIGER/BURROUGHS

                                               By:     /s/ Stephen M. Doniger
                                                          Stephen M. Doniger, Esq.
                                                          Howard S. Han, Esq.
                                                          Attorneys for Plaintiff